## ADAM WEBER v. STATE.

No. A-8170.   Oct. 16, 1931.
(3 Pac. [2d] 1051.)

Shelton & Shelton, for plaintiff in error.

The Attorney General and Ted R. Fisher, Co. Atty., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Blaine county of willfully, unlawfully, and knowingly permitting Jim Mowels and Harvey Weber to erect and construct a still, not registered as required by law, on his premises, and his punishment fixed by the jury at a fine of $200 and imprisonment in the county jail for 60 days.

The evidence of the state was that the defendant had told the officers that there was a still in operation in his barn; that defendant's son had been wounded in a gun battle and had been taken to a hospital; that the officers went to the hospital and there met defendant, who told them that a still was in his barn; that the parties were paying him $50 a week for the privilege of operating the still in the barn on his place, and had been operating it about three weeks; that the officers went out to defendant's farm and from the road could smell whisky mash; that they could hear the roar of a gas fire under a burner; that as they approached the barn they could see a still in operation through the open door; that the officers made no search of the premises, but seized the still.

Defendant contends first that the court erred in overruling his motion to suppress the evidence, for the reason that the officers had no search warrant and the search and seizure was in violation of defendant's constitutional rights.

In Washington v. State, 37 Okla. Cr. 415, 259 Pac. 150, this court said:

"A search for intoxicating liquors without a search warrant is not 'unreasonable,' within the meaning of the

Constitution, where it is made by officers, who, before entering the premises, could smell mash cooking, which they knew by their sense of smell was whisky mash, and where they observed a person moving around with a flash light where a still was in operation."

Under the facts as disclosed by the evidence of the state, no search warrant was necessary and the evidence obtained was admissible.

Defendant next contends that the court erred in over-ruling his motion for a directed verdict at the close of the state's evidence.

The evidence being sufficient to support the verdict of the jury, the court very properly overruled defendant's motion.

Defendant next contends that the punishment is excessive.

It appears from the record that the defendant was permitting the manufacture of whisky upon his premises, for a money consideration. The violation of the law being made deliberately and with intent to profit thereby, the punishment assessed by the jury was justly merited by defendant.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.